**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MACNEIL IP LLC,

Plaintiff,

v.

AMETEK, INC., D/B/A AMETEK PRESTOLITE POWER,

Defendant.

Civil Action No. 1:15-cv-07428

Judge Sharon Johnson Coleman

**JURY TRIAL DEMANDED**

## ANSWER AND COUNTERCLAIMS

Defendant Ametek Inc. d/b/a Ametek Prestolite Power ("Ametek") hereby Answers and responds to the Complaint filed by MacNeil IP LLC ("MacNeil"), and Counterclaims against MacNeil as follows.

### Nature of the Action

1. Ametek admits that paragraph 1 of the Complaint purports to state a cause of action for patent infringement, but denies the merits of the action.

### Parties

2. Ametek lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, denies those allegations.

3. Ametek admits that it is a Delaware corporation. The remaining allegations of paragraph 3 of the Complaint are denied.

## Jurisdiction and Venue

4. Ametek denies that plaintiff has stated a claim, and further states that the allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. The allegations of paragraph 5 of the Complaint are conclusions of law to which no response is required.

6. Ametek denies that it has committed acts of infringement in this District, and further states that the allegations of paragraph 6 of the Complaint are conclusions of law to which no response is required.

## Factual Background

7. Ametek admits that Exhibit 1 attached to the Complaint purports to be a copy of U.S. Patent No. 5,769,598 (the "'598 Patent"), that the '598 Patent has a title of "Antistacking Warning Device and Stacking Damage Detector," names David F. MacNeil as inventor, and purports on its face to have issued on June 23, 1998. Ametek denies that the '598 patent is valid or was duly issued.

8. Ametek lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, denies those allegations.

9. Denied.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,769,598

10. Ametek incorporates by reference its responses to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Ametek denies that MacNeil is entitled to any of the relief sought in the Complaint, or any relief whatsoever.

## GENERAL DENIAL

Ametek denies any and all allegations of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Further answering and as additional defenses, Ametek states the following without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden of proving any fact that is otherwise plaintiff's to prove. Ametek reserves the right to amend or augment these defenses based on further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

Ametek does not and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '598 Patent.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

One or more claims of the '598 Patent are invalid and/or unenforceable under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 et seq.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches, Waiver, and/or Estoppel)**

MacNeil's enforcement of the '598 Patent is barred by the doctrines of laches, waiver, and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

MacNeil's enforcement of the '598 Patent is barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to State Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief Unavailable)**

MacNeil's demand to enjoin Ametek is barred, as MacNeil has suffered neither legally compensable harm nor irreparable harm from Ametek's actions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Enhanced/Increased Damages Unavailable)**

MacNeil is not entitled to enhanced or increased damages for willful infringement because Ametek has not engaged in any conduct that meets the applicable standard for willful infringement.

**OTHER AFFIRMATIVE DEFENSES**

Ametek reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in

equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

WHEREFORE, Ametek respectfully requests the Complaint be dismissed with prejudice, that judgment be entered in favor of Ametek, and that attorneys' fees, costs, and expenses be awarded to Ametek. Ametek also requests such other and further relief as may be just and appropriate.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

Counter-Plaintiff Ametek asserts the following counterclaims against Counter-Defendant MacNeil.

## PARTIES

1. Ametek is a Delaware corporation having a principal place of business at 1100 Cassatt Road, Berwyn, PA 19312.

2. On information and belief, and as admitted by MacNeil in paragraph 2 of the Complaint, MacNeil is an Illinois limited liability company with a principal place of business at 1 MacNeil Court, Bolingbrook, Illinois 60440.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Act, Title 35, United States Code, as an action for Declaratory Judgment of noninfringement and patent invalidity, under 28 U.S.C. §§ 2201, 2202, and 1338(a).

4. The Court has jurisdiction over the counterclaims under 28 U.S.C. §§ 1338, 1367, and 2201. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

5. An actual case or controversy exists between Ametek and MacNeil regarding the invalidity and non-infringement of at least one claim of the '598 Patent, in part because MacNeil filed the Complaint alleging that Ametek has infringed at least one claim of the '598 Patent.

## FIRST COUNTERCLAIM: INVALIDITY OF THE '598 PATENT

6. Ametek incorporates by reference paragraphs 1-5 of its Counterclaims as if fully set forth herein.

7. MacNeil has alleged ownership of the '598 Patent.

8. One or more claims of the '598 Patent are invalid for at least one or more of the following reasons:

   a. Failure to comply with the statutory requirements of and conditions contained in 35 U.S.C. § 101; and/or

   b. Failure to comply with the statutory requirements of and conditions contained in 35 U.S.C. § 102; and/or

   c. Failure to comply with the statutory requirements of and conditions contained in 35 U.S.C. § 103; and/or

   d. Failure to comply with the statutory requirements of and conditions contained in 35 U.S.C. § 112.

## SECOND COUNTERCLAIM: NONINFRINGEMENT OF THE '598 PATENT

9. Ametek incorporates by reference paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10. Ametek does not infringe and has not infringed, either directly or indirectly, contributorily or by inducement, any valid and enforceable claim of the '598 Patent, either literally or under the doctrine of equivalents, and therefore is not liable for infringement thereof.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Ametek hereby demands a trial by jury for all issues so triable herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Ametek requests this Court enter:

A. A judgment dismissing the Complaint in its entirety, with prejudice, and denying all requests for relief and/or damages made by MacNeil;

B. A judgment declaring that one or more claims of the '598 Patent are invalid;

C. A judgment declaring that Ametek has not infringed any claim of the '598 Patent;

D. An award to Ametek of its reasonable attorneys' fees and costs (including expert fees), and disbursements in connection with this action, pursuant to 35 U.S.C. § 285, together with interest, including prejudgment interest, thereon; and

E. An award to Ametek of such other and further relief as the Court may deem just and appropriate.

Respectfully submitted

Dated: 1 February 2016

By: */s/ Benjamin E. Leace*

Benjamin E. Leace
Andrew J. Koopman
RATNERPRESTIA
1235 Westlakes Drive, Suite 301
Valley Forge, PA 19482
Telephone: (610) 407-0700
Facsimile: (610) 407-0701
beleace@ratnerprestia.com
akoopman@ratnerprestia.com

Robert H. Resis
Sean J. Jungels
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
rresis@bannerwitcoff.com
sjungels@bannerwitcoff.com

*Attorneys for Defendant,*
*Ametek, Inc., d/b/a/ Ametek Prestolite Power*